[L. A. No. 56.    Department One.—November 30, 1895.]

## WILLIAM A. WITTE, APPELLANT, *v.* R. B. TAYLOR, RESPONDENT.

CONTRACT—COMMISSION ON PURCHASE OF LAND—INDIVISIBLE CONDITION.—
A written contract, by the terms of which the promisor agrees to pay a stipulated commission after the expiration of a certain time from the date of the delivery to him of a deed to an undivided half interest in a particular tract of land, is indivisible, and the promisee does not acquire a *pro tanto* right to the commission upon the delivery to the promisor of a deed for a less interest in the land.

ID.—PRO TANTO RIGHT TO COMMISSION.—Conceding that a *pro tanto* right to such commission might result from the conveyance of a less interest in the land to the promisor, such right could not mature until after the expiration of the time limited by the contract for the payment of the stipulated commission.

APPEAL from a judgment of the Superior Court of Riverside County.   J. S. NOYES, Judge.

The facts are stated in the opinion of the court.

*H. W. Chynoweth*, for Appellant.

*E. W. Freeman*, for Respondent.

GAROUTTE, J.—This is an action to recover commissions for the sale of certain real estate.   A general demurrer was sustained to the complaint, and plaintiff appeals from the judgment rendered thereon.   The action is based upon the following clause of a written contract entered into between plaintiff and defendant:

" It is further understood and agreed that when said Taylor can secure from Plez James, of Anaheim, a deed conveying to said Taylor the undivided one-half interest in said ranch now owned by said Plez James in said Nevada ranch, then said Taylor will pay said Witte the sum of $2,000 as a commission on said purchase and sale from said James; and said Taylor agrees that he will purchase said lots in East Riverside and Hastings from said Witte for the sum of $1,000, the said purchase from said James to be at terms satisfactory to said Taylor, and the said sums of $2,000 as commission and $1,000 for lots to be due and payable at any time after six months from date and delivery of deed from said Plez James for said one-half interest in said ranch to said Taylor."

The complaint sets out the contract, and then alleges that plaintiff used his best efforts to make the sale, and succeeded in obtaining from James an offer to sell said undivided one-half of the ranch to defendant, but that defendant refused to purchase said undivided one-half, but thereupon purchased an undivided one-third from said James upon terms satisfactory to him, defendant The complaint prays for judgment for the sum of $1,333.33, that sum being a proportionate amount of the agreed compensation of $2,000.

The complaint fails to state a cause of action. It is based upon a written contract, and there is no allegation that a compliance has been had with its terms. But, on the contrary, the affirmative allegations show that the main condition precedent to the payment of the commission has never occurred. Again, the commission was not to be paid until six months "from date and delivery of deed from said Plez James for said one-half interest in said ranch to said Taylor." And it is not even claimed that the time above referred to has ever arrived. The action has been brought upon the theory that the contract is separable, and that the commissions *pro tanto* should be paid in proportion to the amount of land purchased by Taylor. The contract does not so provide, and it is not for this court to change its terms. It is not even alleged that the sale of the undivided one-third interest in the ranch was made to Taylor by reason of the labor and influence of plaintiff. But, beyond all that, it is impossible for this court to say that defendant agreed to, or was even willing to, pay any commission whatever for the purchase of an undivided one-third interest in the ranch. We think the contract is indivisible in this regard, and must stand or fall as a whole.

For the foregoing reasons the judgment is affirmed.

Harrison, J., and Van Fleet, J., concurred.