MARKUS et al. v. KENNEALLY.

(Supreme Court, Appellate Term, First Department. February 26, 1897.)

BROKERS—RIGHT TO COMMISSIONS—EVIDENCE.
    A broker employed to effect an exchange of property does not establish that the exchange was produced by his efforts, so as to entitle him to a commission, merely by evidence that he procured a person who desired to make an exchange, but who could not agree with the principal as to terms; that the negotiations were apparently dropped, and the broker did nothing more in the matter; and that about a month later an exchange was made with the person so procured,—without showing the terms, or the manner in which it was brought about.

Appeal from Tenth district court.

Action by Henry Markus and others against Thomas Kenneally. From a judgment dismissing the complaint, plaintiffs appeal. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Charles Strauss, for appellants.

James P. Campbell, for respondent.

McADAM, J. The action is for brokerage in effecting an exchange of real estate. The plaintiffs, real-estate brokers, had certain Brooklyn lots of the defendant for sale, and offered him a house belonging to one Ward, situate in Fifty-Second street, New York City, in exchange for them. Ward declined to exchange even, whereupon the defendant offered $500 to boot, which he afterwards increased to $1,000; but Ward declined to accept, and the trade apparently fell through. Whatever the plaintiffs did was done in

June, and up to about July 4, 1896. Thereafter, and on July 31, 1896, the plaintiffs discovered, by the Record and Guide, that an exchange had been made by the parties, whereupon they made claim upon the defendant for brokerage, and, on his refusal to pay it, brought the action. On the trial the plaintiffs failed to show how, or by whose efforts, the trade was accomplished, except what may be inferred from their preceding services; nor did they show the terms and conditions upon which it was made. The deeds on the exchange were offered in evidence, but they furnished no information upon the subject, because the consideration expressed in each is "one hundred dollars, and other good and valuable considerations." Upon the conclusion of the plaintiffs' case the defendant moved to dismiss the complaint upon the ground that the plaintiffs had not shown that they brought about the sale, that they abandoned their efforts to do it, and that the offers which were made by them to Mr. Ward for the exchange of the properties were refused by him. The justice granted the motion, saying:

"The negotiations were started by the plaintiffs on the basis of an even trade, the defendant's equity being valued at $8,500, which offer was rejected. The plaintiffs, on behalf of defendant, subsequently increased the offer by the addition of $1,000, which was also rejected. All further negotiations by the plaintiffs then ceased. The trade was subsequently made, but through whom, or on what basis, does not appear from the plaintiffs' testimony."

A further ground of the dismissal was that there was no evidence on which to figure the amount of commission to be allowed. Mr. Ward, one of the principals, was put upon the stand; but no questions were put to him tending to show how the consummation was reached, nor was any inquiry made of him as to the terms or conditions of the transaction. So that it is difficult, if not impossible, to say that the trial judge was in error in dismissing the complaint. We think the plaintiffs ought to have probed Mr. Ward thoroughly as to the terms of the exchange. They might, perhaps, have succeeded in making out a cause of action. They brought the parties together, and may possibly have been the means of effecting the exchange. That they were the "procuring" cause depends upon terms and conditions which were left wholly unproved, and mere conjecture cannot take the place of proof. In Wylie v. Bank, 61 N. Y. 416, it is held that, to entitle a broker to recover, he must be the efficient agent or the procuring cause of the sale. The means employed by him, and his efforts, must result in the sale. He must find the purchaser, and the sale must proceed from his efforts, acting as broker; and where a broker opens negotiations, but, failing to bring the customer to the specified terms, abandons them, and the employer subsequently sells to the same person at the price fixed, he is not liable to the broker for commissions. Although in Hay v. Platt, 66 Hun, 488, 21 N. Y. Supp. 362, the principal had subsequently dealt directly with the party brought to his notice by the broker, and sold at the same price he had been willing to sell for originally, the broker was not allowed to recover. This upon the ground that where the broker fails to produce a customer ready and willing to enter into a contract upon the terms of

his principal, and abandons further efforts, the principal violates no right of the broker in negotiating with the proposed purchaser directly and independently. In Douglass v. Halsted, 81 Hun, 65, 30 N. Y. Supp. 592, a broker had been negotiating a sale, and was compelled to stop before reaching a consummation by the circumstance that the purchaser at the time wanted another piece of property in addition to the defendant's. Another broker conceived the idea of a partition suit to bring about a sale of the other piece required, and commission was finally paid him on the sale. The court (at page 69, 81 Hun, and page 594, 30 N. Y. Supp.) said:

"While it is unfortunate for the plaintiff that he should have been 'so near and yet so far' from the accomplishment of his purpose, the fact remains that the evidence justified the determination of the referee that the plaintiff did not at any time find a purchaser, and produce him to his principal, ready and willing to purchase the real estate upon its terms, * * * and this much it was necessary for him to do in order to recover."

In Sibbald v. Iron Co., 83 N. Y. 383, the court said:

"A broker may have created impressions which, under later and more favorable circumstances, naturally lead to, and materially assist in, the consummation of a sale. He may have planted the very seeds from which others reap the harvest. But all that gives him no claim. It was part of his risk, that, failing himself,— not successful in fulfilling his obligation,—others might be left to some extent to avail themselves of the fruit of his labors."

"Testimony as to the mere introduction of the parties by the broker, resulting in no meeting of their minds, and a sale taking place two months and more thereafter, with no further action upon the part of the broker, and nothing being shown as to continued negotiations between the parties after their introduction and failure to agree, if tending to disclose a cause of action in any event, we view as presenting but a scintilla of evidence in the case before us, and unavailing against the motion for a nonsuit made below." Baker v. Thomas, 12 Misc. Rep., at page 434, 33 N. Y. Supp., at page 614.

The cases relied on by the appellants are those in which the negotiations opened by the broker continued uninterruptedly to a successful conclusion, or where, while the negotiations were actually pending, the principals took the matter into their own hands, and attempted to avail themselves of the broker's efforts for the purpose of avoiding the payment of brokerage. These authorities do not apply here, for the evidence fails to bring the case within the rule established by them. The record shows that the plaintiffs, after communicating to the principals the refusal of the one to accept the terms of exchange offered by the other, dropped all further effort in the matter, and after this apparent abandonment by the brokers the principals came together and made an exchange; but how, on what terms, or by whose efforts,—whether their own or those of other brokers,—does not appear. The plaintiffs were bound to prove the terms of the exchange, and that their efforts were the efficient or procuring cause of its going through; but they did not, and the complaint was therefore properly dismissed.

Judgment affirmed, with costs. All concur.