ALBERT A. VOTAW *et al.* v. H. S. McKEEVER *et al.*, *as Partners, etc.*

No. 15,252. (92 Pac. 1120.)

SYLLABUS BY THE COURT.

1. AGENCY—*Commission—Sale of Real Estate.* Where two or more real-estate brokers are employed to sell the same property, the commission to be paid to whoever makes the sale, and afterward the property is sold by the joint efforts of such agents, the commission will be due to the agent who was the proximate, predominating and procuring cause of the sale.

2. PRACTICE, DISTRICT COURT—*Instructions.* It is not error to refuse to give an instruction as requested when substantially the same rule of law is contained in the general charge.

3. ———— *Same.* In charging a jury the court may properly present the various phases of the case suggested by the evidence or the contentions of the parties, although such opposing phases are inconsistent with each other, and it will not be deemed error to do so when upon consideration of the instructions as a whole it does not appear that the jury might have been misled thereby.

Error from Shawnee district court; ALSTON W. DANA, judge. Opinion filed December 7, 1907. Affirmed.

*George H. Whitcomb,* and *Clad Hamilton,* for plaintiffs in error.

*Edwin D. McKeever,* for defendants in error.

The opinion of the court was delivered by

GRAVES, J.: This action was commenced by the defendants in error, who are real-estate agents in Topeka, to recover a commission for the sale of property owned by the plaintiffs in error. Other agents, Noble & Co., were also authorized to sell the same real estate. Each firm claims to have made the sale. The owners paid a commission to Noble & Co., and refused to pay the defendants in error. The case comes to this court from the district court of Shawnee county, where the defendants in error recovered a judgment for $125, being the amount of commission claimed by them.

Considerable testimony was given at the trial, in which there is very little conflict so far as the questions here presented are concerned. The controlling facts are substantially these: The plaintiffs in error owned a residence property in the city of Topeka which they desired to sell. The defendants in error and Noble & Co. were authorized to find a purchaser. The commission in case of sale was to be $125. The property was finally sold. The purchaser, Mrs. McCandless, was interviewed by each of these firms, each showed her the house, and each endeavored to prevail upon her to close the trade, which she finally did at the solicitation of Noble & Co., who received a part of the purchase-price in cash and prepared the contract of sale, which was executed in their office.

The case was tried in the district court to a jury, who returned with the general verdict special findings of fact, which read:

"(1) Ques. Did not J. H. Noble, of the firm of George M. Noble & Co., first introduce Mrs. McCandless and her husband to Mrs. Murphy, one of the owners of the property, about November 27, 1905, and was that not the first time the Taylor street house was called to the attention of Mrs. McCandless? Ans. Yes.

"(2) Q. Did not J. H. Noble, about December 2, 1905, take Mr. McCandless through the Taylor street

house and show the same to him, and was not this before McKeever showed the house to Mr. and Mrs. McCandless? A. Yes, but he was not a party to the transaction.

"(3) Q. After McKeever showed Mrs. McCandless the house, December —, 1905, did she not entirely give up the idea of purchasing the house until after her sister, Mrs. Kipp, came to Topeka, claiming that the house was too small and otherwise unsuitable? A. No, not entirely.

"(4) Q. Did not J. H. Noble, about January 4, 1906, take Mrs. Kipp and Mrs. McCandless through the Taylor street house and show the same to them and at that time first introduce Mrs. Kipp to Mr. Murphy, and was not that the first time Mrs. Kipp had been in the house and the first time any real-estate agent had shown the house to her? A. Yes, but Mrs. McCandless and Mrs. Kipp had visited the house January 1.

"(5) Q. Did not the sale of the property to Mrs. McCandless and Mrs. Kipp result chiefly from the examination of the house January 4, 1906, when they were taken there by J. H. Noble, and from negotiations between the parties which were then set on foot? A. No.

"(6) Q. Was not the sale of the property finally consummated in the office of George M. Noble & Co. by the signing of a contract and the payment of a part of the purchase-money? A. Yes."

All questions of fact involved in the case are settled by these findings and the verdict in favor of the defendants in error. Therefore the only question presented here is whether the district court erred, either in refusing the instructions requested by the plaintiffs in error or in giving those to which they objected.

The plaintiffs in error requested the court to give three instructions, all of which were refused, and error is assigned as to each. We do not think the refusal to give the first instruction constitutes error, for the reason that the instructions given by the court were substantially the same. The second instruction requested was properly refused, for the reason that it converts a question of fact, which ought to be sub-

mitted to the jury, into one of law. This instruction
decides as a legal conclusion that the agent who actu-
ally concludes and closes up a sale is the proximate
and procuring cause of the sale, regardless of what
any other agent may have done to induce the pur-
chaser to buy. We think this a question of fact, and
should have been submitted to the jury. The other
request is substantially embraced in the instructions
given.

Complaint is made of the first instruction given by
the court because it incorrectly states the issues in-
volved in the case. We think the court was justified
in the statement made. The case was commenced in
the city court, and no pleading was filed by the plain-
tiffs in error. On appeal to the district court the case
was tried without additional pleadings. The court
under these circumstances was justified in stating the
issues the same as if the plaintiffs in error had filed
a general denial, and this is what was done.

Objection is also made to the sixth instruction. This
states the rule applicable to cases where but one agent
is employed to sell real estate. The only purpose which
this instruction could serve in this case would be to
explain and make more clear by comparison the real
question at issue. It was probably unnecessary, but
we think not erroneous.

The eighth instruction is objected to. It reads:

"Where the owner of real estate has listed his prop-
erty with more than one real-estate agent, and one of
the real-estate agents with whom such property is
listed attempts to interest a certain person in said prop-
erty by endeavoring to effect a sale to such person, but
does not succeed in inducing said person to negotiate
with the owner for the purchase of the property or to
make an offer for said property, and *thereafter* another
real-estate agent, with whom the property has been
listed, by his efforts succeeds in interesting the same
person in the purchase of the same property and by
his efforts effects a sale of said property to such per-
son, then the agent who succeeds in bringing about
the sale is entitled to the commission. If, then, you

find from the evidence in this case that the defendants listed the property mentioned in the evidence in this case with the plaintiffs and also with George M. Noble & Co., real-estate agents, and the plaintiffs tried to induce Mrs. McCandless and Mrs. Kipp to purchase said property but failed to do so; that *thereafter* George M. Noble & Co. showed this property to Mrs. McCandless and Mrs. Kipp, entered into negotiations with them and were instrumental in effecting a sale to them through their efforts; then plaintiffs cannot recover in this action, for in that event the commission would be earned by Noble & Co."

The specific complaint made to this instruction is that the word "thereafter" should not have been used to indicate the time when Noble & Co. tried to induce Mrs. McCandless to buy and when they showed the property to her, as compared with the time when the defendants in error did the same things. If this stood alone it might be open to criticism, but when taken in connection with the entire charge it may and should be regarded as the mere statement of one phase of the case, and in this view the statement is justifiable under the evidence. It does not seem possible that the jury could have been misled by it. We cannot say that it was erroneous.

Instruction twelve, to which objection is made, reads:

"If you find from the evidence in this case that the defendants placed said property in the hands of plaintiffs for sale, and also in the hands of George M. Noble & Co., real-estate brokers, for sale; that while it was in the hands of those two agencies the plaintiffs called the attention of Mr. and Mrs. McCandless to the property and endeavored to negotiate a sale thereof to them, and on several occasions thereafter spoke to them in relation to the purchase of the property, and that thereafter Mrs. McCandless and Mrs. Kipp purchased the property from defendants by reason of the efforts of the plaintiffs to negotiate a sale thereof to them, then the plaintiffs would be entitled to their commission for such sale. But if you believe from the evidence in this case that the property was placed in

the hands of plaintiffs and in the hands of said Noble
& Co., real-estate brokers, for sale, that the plaintiffs
*first* called attention of Mr. and Mrs. McCandless to
the property, and endeavored to get them interested
in the property to the extent of Mrs. McCandless and
Mrs. Kipp buying it, and had several conversations
with them in relation thereto, but that no negotiations
were set on foot which resulted in the making of a
sale of the property through the plaintiffs as real-
estate brokers, but that said Noble & Co., *without
knowledge* that the plaintiffs had sought to interest the
McCandlesses and Mrs. Kipp in the property, solicited
them to purchase the property through them, and ne-
gotiations were set on foot by Noble & Co. and they
were then instrumental in bringing about a sale of the
property to Mrs. McCandless and Mrs. Kipp, then I
instruct you that plaintiffs would not be entitled to
recover in this action, but that George M. Noble & Co.
would be entitled to the commission."

This, like number eight, might be questionable if it
stood alone, but when regarded as the statement of
merely one phase of the case it cannot, in view of
other instructions given, be deemed erroneous.

The real and controlling question is this: Which of
these agents earned the commission for making this
sale? There seems to be very little, if any, controversy
as to the rule of law which governs in such cases.
Where two or more agents are employed to sell the
same property, the one who makes the sale to have
the commission, and a sale is brought about by the
joint efforts of all the agents employed, then the agent
who was the efficient, predominating, procuring cause
of the sale is entitled to the commission. Who first
called the attention of the purchaser to the property
or who finally closed the contract by receiving a part
payment of the purchase-price or who was most dili-
gent in showing the premises to the purchaser are un-
important facts, except as they tend to support the
controlling proposition. The true rule of law appli-
cable to such a case was very clearly placed before the
jury by the tenth instruction, which reads:

"Where two or more agents employed by the owner

show or make an effort to sell the same property to the same person, and such person afterward buys the property, and the owner is liable for the payment of the commission, the rule of law is that that agent is entitled to the commission who is the proximate, efficient and procuring cause of the sale."

This submits the controversy to the jury to decide from the evidence which agent was the proximate, predominating and procuring cause of the sale. The jury should consider all of the evidence presented, and not confine its deliberations exclusively to the initiatory steps taken, nor to the final execution of the conveyance. If an agent, by his own exclusive efforts, produces a purchaser, shows him the property, and, after considerable effort, prevails upon him to take the property, but delays the final act of closing the trade until the following day, and, while the negotiations thus stand in abeyance, another agent induces the purchaser to pay the purchase-price and the owner to execute a conveyance, such agent should not be regarded as the efficient, proximate and procuring cause of the sale. On the other hand, if the agent who produced the purchaser relaxed his efforts, and another, by efficient and persistent work with such purchaser, induced him to make the purchase, then he should be regarded as the one who made the sale.

The question is purely one of fact for the consideration of a jury, and they having decided thereon under proper instructions, and their conclusions having been approved by the trial court, nothing remains for this court to consider. The judgment is affirmed.