It is urged that a least a cause of action is stated for a fur coat furnished to the child, and for which the defendant agreed to pay. Neither the agreed price nor the value of this article is alleged; and hence the allegation is open to the same criticism as the body of the complaint.

The allegation that an itemized account was furnished to defendant, and that he made partial payments thereon, does not cure the defect. The complaint is not framed upon an account stated, and the respondent by his brief expressly disclaims that such is his form of action.

The interlocutory judgment overruling the demurrer must be reversed, with costs, and the demurrer sustained with costs, with leave to the plaintiff to amend his complaint upon payment of the costs of this court and of the court below. All concur.

CARPENTER et al. v. ATLAS IMP. CO.

(Supreme Court, Appellate Division, Second Department. January 24, 1908.)

BROKERS—RIGHT TO COMMISSIONS—MODIFICATION OF CONTRACT.

Where plaintiffs were employed to sell all defendant's land for $70,000, at the usual commissions, but were able to find purchasers for only two pieces of the land, and after lapse of a reasonable time defendant, independently of plaintiffs, sold the two tracts to the purchasers they had found, the balance not being sold, plaintiffs are not entitled to commissions for the two pieces, the contract not having been modified, and there being no evidence of a change thereof by implication, without which plaintiffs must show performance of the entire contract.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, §§ 70–72.]

Appeal from Trial Term, Westchester County.

Action by Edward T. Carpenter and another against the Atlas Improvement Company. From a judgment for plaintiffs, defendant appeals. Reversed, and new trial granted.

Argued before WOODWARD, JENKS, HOOKER, MILLER, and GAYNOR, JJ.

H. Aaron, for appellant.
H. T. Dykman, for respondents.

PER CURIAM. The plaintiffs were employed to sell the real estate owned by the defendant at White Plains for $70,000 at the usual commissions. No modification was made of the contract of employment, nor was there any evidence from which this court could find that the contract was changed by implication. The plaintiffs were to sell the entire parcel, but were able to find purchasers for only two portions of the whole. After the lapse of a reasonable time, the defendant, independently of the plaintiffs, sold the two portions to the purchasers the plaintiffs had found. The balance had not been sold when this action was begun. The plaintiffs have had judgment for commissions on the two portions sold. We think the learned referee fell into error by holding that the contract of employment was changed by implication.

The familiar principle of law that, before the plaintiffs can recover on such a contract as this, they must show performance of the entire contract, is applicable to the facts presented by the record here, and the judgment must be reversed for want of evidence to sustain it, and a new trial granted, costs to abide the event.