Gregory v. Kennedy.

---

W. S. GREGORY, *Appellant*, v. KENNEDY BROTHERS, *Appellees*.

No. 16,429.

SYLLABUS BY THE COURT.

AGENT'S COMMISSION—*Land Listed with Different Brokers—Procuring Cause of Sale.*   A landowner listed his land for sale with the plaintiff and also with the defendants.   The plaintiff procured a purchaser, and induced him to go and see the land and to purchase.   The defendants interfered and took the purchaser to the owner, who asked them if the customer was not the customer of the plaintiff.   They said he was not, and, by misrepresentations to the owner and the purchaser, prevented the plaintiff from closing the sale and consummated it themselves.   Upon these facts it is *held*, in an action between the agents to recover the commission, that the plaintiff was the primary, proximate and procuring cause of the sale and entitled to the commission.

Appeal from Pawnee district court; CHARLES E. LOBDELL, judge.   Opinion filed June 11, 1910.   Reversed.

STATEMENT.

W. S. GREGORY brought suit against Willis Jennings to recover a commission of $101 for the sale of a farm. Kennedy Brothers filed an interplea, claiming that the commission was due them.   Jennings deposited the amount of the commission with the court, and by agreement of the parties Kennedy Brothers were substituted as defendants.   The case was tried without a jury, and

the court made findings of fact and conclusions of law as follow:

### "FINDINGS OF FACT.

"(1) That during the month of January, 1909, Jennings listed the above-described land with the plaintiff for sale, price to be $3000, and agreed to pay plaintiff a commission of $101 for effecting a sale at that price.

"(2) That the land had been previously listed by Jennings with Kennedy Brothers upon the same terms.

"(3) That about February 4, 1909, the plaintiff, Gregory, found a prospective purchaser for the sale of the land in the person of C. L. Converse, and told Converse of the land, describing it in detail; that at the time Converse told plaintiff he was going to Gray county to look at other lands, and that if he did not purchase there he would return and look at the land in question; that later he returned to Larned and agreed with plaintiff to go and look at the land in question, and buy the same if it suited him.

"(4) That the plaintiff was the first one to introduce the subject of purchasing the land in question to Converse, and that no other person had anything to do with inducing him to go and see the land.

"(5) That on the 5th of February, 1909, said Converse arranged to go and see the land, going by train from Larned to Burdett, Kan., as per his agreement with plaintiff.

"(6) That on that date Kennedy Brothers, being informed of his purpose to go to see the land in question, solicited him to go with them and see this land with other lands, and that Converse did so.

"(7) That on the day following he returned with Kennedy Brothers to Larned, the home of Jennings, and offered to buy the land for $2900.

"(8) That Kennedy Brothers took the matter up by telephone with Jennings, who agreed to sell the land at that price and pay the commission of $101.

"(9) That in this telephone talk Jennings asked Kennedy Brothers if this customer was Gregory's man, and they told him he was not.

"(10) That when Kennedy Brothers took Converse to see the land they knew he was Gregory's customer, and that the land had been called to his attention by Gregory, and that he was going to see it, at Gregory's instance, as a prospective purchaser.

Gregory v. Kennedy.

"(11)  That before closing the trade Converse asked Kennedy Brothers if it would not be better to see Mr. Gregory before closing the matter up, and they said to him that Gregory had nothing to do with it.

"(12)  That on the last-named date, and immediately after the conversation by telephone between Kennedy Brothers and Jennings, Converse bought the land for the sum of $2900, made a cash payment thereon, and later completed the payment and acquired the land."

## "CONCLUSIONS OF LAW.

"(1)  That Jennings had the right to list the land with as many agents as he might desire, and that he would be liable for but one commission, and that to the party who first brought him the purchaser (which in this instance is Kennedy Brothers), and that by paying the money into court he has discharged his full duty in the premises and should be discharged without cost.

"(2)  That while Gregory was the man who first found the customer, Kennedy Brothers, being the ones who brought the customer to the seller, are entitled to the commission.

"(3)  That while the practice of inducing a known customer of another real-estate agent to abandon such agent may be questionable as a matter of business ethics, it is permissible as a matter of law, and a real-estate agent has no vested rights in a customer and no right to recover until he has brought such customer and seller together."

The court thereupon dismissed Jennings from the case, without costs, and ordered the sum deposited by him in court to be paid to Kennedy Brothers, and rendered judgment for costs against the plaintiff. The plaintiff appeals.

*G. Polk Cline*, for the appellant.

*W. H. Vernon*, and *W. H. Vernon, jr.*, for the appellees.

The opinion of the court was delivered by

PORTER, J.:  From the findings it appears that Kennedy Brothers had nothing to do with inducing the purchaser to go and see the land, and there is no finding

that anything they did induced him to take it. Without their efforts he would have purchased. All they did was to close the sale, which would have been done by the plaintiff if they had not by misrepresentations, both to the owner and the purchaser, prevented the plaintiff from closing it. They knew the purchaser was the plaintiff's customer, but in their telephone talk with the owner, when he asked them if the customer was Gregory's man, they said he was not. The owner seems to have had some information about Gregory's man, and the inference is that they were not very far apart when the defendants interfered.

In *Beougher v. Clark*, 81 Kan. 250, a case somewhat like this in its facts, it was held that where property is placed in the hands of several brokers the owner is bound to pay that one who is the primary, proximate and procuring cause of the sale, notwithstanding the sale is consummated by another broker on different terms. Here the proximate, predominating and procuring cause of the sale was the plaintiff, and upon the findings he was entitled to judgment. (*Votaw v. Mc-Keever,* 76 Kan. 870; *Beougher v. Clark,* supra; 19 Cyc. 260.)

The seller has paid the money into court and departed. He no longer has any interest in the controversy between the agents as to which of them has the better right to the commission. In such a case it would seem that no arbitrary rules of law respecting the liability of a principal to his agent should be permitted to defeat plain justice.

The judgment is reversed and the cause remanded, with directions to enter judgment for the plaintiff.