MACK C. GOODWIN, APPELLEE, v. FRANK L. HALLER, APPELLANT.

FILED NOVEMBER 12, 1914.    No. 17,914.

1. **Brokers: RIGHT TO COMMISSION.** Where the owner of personal property employs several agents to sell the same, but gives neither of them an exclusive agency, the agent or broker who actually effects the sale is entitled to the commission.

2. ——: ACTION FOR COMMISSION: SUFFICIENCY OF EVIDENCE. The evidence is found to be sufficient to sustain the verdict.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Affirmed.*

*Charles W. Haller* for appellant.

*A. S. Ritchie* and *Charles L. Fritscher, contra.*

BARNES, J.

This was an action to recover the sum of $150 as a commission on the sale of an automobile. The suit was commenced on the justice side of the county court of Douglas county, and after trial was appealed to the district court, where, on a trial to a jury, a verdict was returned in favor of the plaintiff, on which a judgment was entered, and the defendant has brought the case to this court by an appeal.

It appears that the defendant was the owner of an automobile, and, desiring to sell it, sent a circular letter to several persons, the plaintiff included, which reads as follows:

"April 16, 1909. I have decided to sell my last year's Mitchell automobile for $1,200, instead of waiting to get $1,500 for it. This is a great bargain because I paid $2,500 for it last year and it has only been run about four months. It is in A 1 condition. All slightly worn parts have been replaced by new. There is $150 in it for the man who sells this car for me.

Yours truly,

F. L. Haller."

The testimony clearly shows that the plaintiff sold the automobile to a man by the name of Cornelius for $1,250, and that the defendant received all of the proceeds of the sale. It also appears that three other parties were attempting to make a sale of the machine, but the sale was in fact effected by the plaintiff, and none of the other persons made any claim for compensation for the sale, which the plaintiff actually made. The plaintiff showed that he had demanded payment from the defendant, which was refused. The evidence was amply sufficient to sustain the verdict; but it is contended that the trial court erred in giving the third paragraph of his instructions to the jury. The instruction complained of reads as follows:

"Where the owner of personal property authorizes or employs several agents to sell the same, but gives neither an exclusive agency, the agent or broker who actually effects the sale is entitled to a commission. The agent under

such contract who negotiates with the purchaser, but does not effect the sale, cannot recover a commission; and, before the plaintiff in this cause can recover, he must show you by a preponderance of the testimony that he actually effected the sale of the automobile, and, if he has failed to do so, he cannot recover."

This instruction seems to accord with the rule announced in *Lewis v. McDonald*, 83 Neb. 694, and the same rule has been approved in other jurisdictions. *Byers v. Williams*, 175 Mich. 385; *Fenton v. Miller*, 153 Ia. 747; *Whitcomb v. Bacon*, 170 Mass. 479; *Votaw v. McKeever*, 76 Kan. 870.

It thus appears that the only issue presented by the pleadings in this case was properly submitted to the jury, and, the evidence being found sufficient to sustain the verdict, it will not be set aside by a reviewing court.

It is claimed, however, that the sale was not made according to the terms of the contract. On this point it appears that the defendant only asked $1,200 for the automobile, while it was sold by the plaintiff for $1,250, which the defendant received, and therefore has no cause of complaint on that score.

It also appears that, in order to effect a sale, the plaintiff agreed to sell a buggy for the purchaser for the sum of $70, and that he made such a sale. We are unable to see how this, in any way, was prejudicial to the rights of the defendant. As we view the record, the proceedings were without error, the judgment of the district court was right, and it is therefore

AFFIRMED.

REESE, C. J., SEDGWICK and HAMER, JJ., not sitting.