## DOUSE v. MEEHAN.

### No. 2801.   Decided March 30, 1916.   (156 Pac. 920.)

BROKERS—REALTY BROKER—RIGHT TO COMMISSION.  Where a realty
broker, not given the exclusive right to sell or exchange prop-
erty, attempted to induce a prospective buyer to visit the prop-
erty, but failed, which buyer was induced by a realty company,
with which the owner had listed the property, to inspect it,
whereupon an exchange was effected, the realty broker was not
entitled to commission, since the prospective buyer was not in-
duced to exchange his property for the owner's by reason of
anything that the broker did.[1]

Appeal from District Court, Third District; *Hon. Geo. G.
Armstrong,* Judge.

Action by C. H. Douse against W. J. Meehan.

Judgment for plaintiff.   Defendant appeals.

REVERSED and REMANDED, with directions to grant new
trial.

*Dan B. Shields* for appellant.

*Thomas Marioneaux* for respondent.

FRICK, J.
The plaintiff, a real estate broker, brought this action
against the defendant to recover a commission.   The plaintiff
recovered judgment in the district court of Salt Lake County,
and the defendant appeals.

In brief, the material undisputed facts are that in March,
1913, the defendant was the owner of an orchard in Cache
County, Utah, which he desired to sell for cash, or, if he could
not do that, then to exchange it for other property; that to
accomplish his purpose he, on the date aforesaid, placed the
property with the plaintiff for sale or exchange; that the
plaintiff was not given the exclusive right to sell or exchange
the property; that some time after the property was listed

_____

[1] *Young* v. *Whitaker,* 46 Utah 474, 150 Pac. 972.

with the plaintiff he attempted to induce one Campbell, of Salt Lake City, to exchange his city property for defendant's orchard; that, while Campbell seemed somewhat inclined to trade, yet the plaintiff could not induce him to go to Cache County to see defendant's orchard, and hence the trade could not be consummated with Campbell by the plaintiff; that when matters were in that condition the defendant also listed his orchard with the Smith Realty Company, which was engaged in the real estate business, for sale or exchange; that said company, without knowledge that the plaintiff had solicited said Campbell to exchange his city property for defendant's orchard, also solicited said Campbell to make the exchange as aforesaid; that said company finally induced Campbell to go to Cache County to inspect defendant's orchard, and after doing so the defendant and said Campbell exchanged their respective properties, and the defendant paid said company the commission agreed upon.

The plaintiff, apparently, recovered judgment upon the theory that he had been the procuring cause of the exchange of the properties aforesaid, for the reason that the exchange was finally consummated with said Campbell, whom the plaintiff had first solicited to make the trade. Defendant's counsel insists that the conclusions of law and judgment are contrary to law.

We are of the opinion that the contention should prevail. It will be observed that the plaintiff did not have the exclusive authority to sell or exchange the property in question. It is also clear that Campbell was not induced to exchange his property for defendant's orchard by reason of anything that the plaintiff did. If the company had not induced Campbell to go to Cache County to examine defendant's orchard, all that the plaintiff had done was of no avail. In view of the foregoing facts and circumstances, plaintiff was therefore not the procuring cause of the exchange of the properties, while the company was. This case, therefore, falls squarely within the principles laid down by this court in the recent case of *Young* v. *Whitaker,* 46 Utah 474, 150 Pac. 972, and cases there cited. In addition to the cases cited in *Young* v. *Whitaker, supra,* and which support the doctrine announced in that case,

see *Nation* v. *Harness*, 33 Okl. 630, 126 Pac. 799; *Frink* v. *Gilbert*, 53 Wash. 392, 101 Pac. 1088; *Cone* v. *Keil*, 18 Cal. App. 675, 124 Pac. 548; *Votaw* v. *McKeever*, 76 Kan. 870, 92 Pac. 1120.

The judgment is therefore reversed, and the cause is remanded to the district court of Salt Lake County, with directions to grant a new trial. Costs to appellant.

STRAUP, C. J., and McCARTY, J., concur.