BROWN vs. EVERHARD.

*April 1 — April 19, 1881.*

*Change of written contract by subsequent oral agreement.*

A written contract, at least if of such a character that it is not *required* by the statute of frauds to be in writing, may be subsequently changed by oral agreement; and such subsequent agreement need not rest upon any *new* consideration.

APPEAL from the County Court of *Fond du Lac* County. Action upon the following contract in writing:

"The Biographical Dictionary and Portrait Gallery of Eminent and Self-made Men of the State of Wisconsin; to be completed in one elegant quarto volume, bound in full morocco; printed on fine toned paper; of about 600 pages, and illustrated with steel engravings.

"THE AMERICAN BIOGRAPHICAL PUBLISHING CO., CHICAGO, CINCINNATI AND NEW YORK.

"GENTLEMEN: I agree to take one copy of the above-named work, and to pay you $25 per copy on delivery of the same to my address.                         A. EVERHARD.

                         "Address, Ripon, Wisconsin.

"*Date October* 26, 1875."

The instrument is indorsed as follows: "If the sketch of *Dr. Everhard* should not be published, this order is void. Pay to order of H. M. BROWN. American Biographical Publishing Co., per H. M. BROWN, Secretary and Treasurer Company."

The defendant answered a general denial, and a former suit in bar. The last defense is not considered.

The cause having been tried in the county court without a jury, the court found as facts, that the contract was originally entered into between the defendant and such publishing company as above stated, and that the company sold and transferred the same to the plaintiff before the action was commenced. The

court also found as follows: "That subsequently to the making of said contract the agent of said company, on the same day of the making thereof for said company, made a further agreement with the defendant that the order or contract [above set forth] should not be considered as an order for the book mentioned therein, and thereupon made a further agreement and contract that the said company and firm was to send the defendant a sketch of defendant, which if he approved and ordered published in said book, he was also to give said company an order for the book; that such sketch was by said firm sent to defendant with a request to order the book, but the defendant did not approve the sketch, or order it published in said book, or give an order for the same." As conclusions of law the court held that the plaintiff could not recover, and that defendant was entitled to judgment for his costs. Judgment having been entered accordingly, the plaintiff appealed therefrom. .

For the appellant there was a brief by *S. J. Morse*, his attorney, with *Eli & C. E. Hooker*, of counsel, and oral argument by *Mr. Morse*.

The cause was submitted for the respondent on the brief of *J. J. Foote*.

LYON, J. The proof is that the indorsement on the order for the book, "If the sketch of *Dr. Everhard* should not be published, this order is void," was written a few minutes after the defendant signed the order, and it is quite apparent that it was so written before or simultaneously with the delivery of the order to the agent of the publishing company. The order and indorsement must therefore be regarded as containing the terms of the original contract, and all of them. If that contract remains in force, there seems to be no doubt of the right of the plaintiff to recover; for it was proved that the book containing a sketch of the defendant was published and duly tendered to him, and that he refused to accept it or pay for it.

The evidence is sufficient to support the findings quoted in the statement of the case, to the effect that the contract was modified by a subsequent agreement entered into by the defendant and such agent, and that the defendant did not approve of the sketch inserted in the book. That agreement was not reduced to writing. If such subsequent agreement was binding upon the publishing company — if it worked a modification of the original written contract,— the plaintiff was not entitled to recover. The case turns, therefore, upon the question of the validity of the new agreement.

We regard the rule as well established, that the terms and conditions of a written agreement, not required by the statute of frauds to be in writing, may subsequently be varied or qualified by the parties by a new agreement not reduced to writing. The rule is thus stated by Lord DENMAN, in *Goss v. Lord Nugent*, 5 Barn. & Ad., 58: "After the agreement has been reduced into writing, it is competent to the parties, at any time before breach of it, by a new contract not in writing, either altogether to waive, dissolve or annul the former agreements, or in any manner to add to or subtract from, or vary or qualify, the terms of it, and thus to make a new contract, which is to be proved, partly by the written agreement and partly by the subsequent verbal terms engrafted upon what will be thus left of the written agreement." Page 65. What the rule is in case the original agreement is required by the statute of frauds to be in writing, we need not determine, for this is not such an agreement. Obviously the above rule is not in conflict with that other rule, asserted in numerous cases in this court, that proof of an antecedent or contemporaneous verbal agreement between the parties cannot be received to alter or control their written agreement. See *Hubbard v. Marshall*, 50 Wis., 322, and the cases there cited. On the subject of consideration, it is sufficient to say, in the language of Lord DENMAN in *Stead v. Dawber*, 10 Ad. & El., 57, that "the same consideration which existed for the old agreement,

is imported into the new agreement which is substituted for it." Page 66. We conclude that the new agreement of the parties, as found by the court, is a valid contract, and modifies the original agreement to the extent that the defendant was not bound to receive and pay for the book unless it contained a sketch approved by him. Because the sketch of him, published therein, was not approved by the defendant, he was justified in refusing to receive the book, and the plaintiff cannot recover.

*By the Court.*— Judgment affirmed.