[Civ. No. 1253.   Second Appellate District.—May 15, 1913.]

JAMES H. BOYD et al., Copartners, Doing Business Under
the Firm Name of Boyd, Scott & Lothrop, Respondents,
v. BIG THREE RANCH COMPANY (a Corporation),
Appellant.

BROKER—COMPENSATION DEPENDENT UPON CONTINGENCIES—ACTS OF
PRINCIPAL.—Although a broker is entitled to his commissions when
he has produced a purchaser upon the terms stated in the contract
within the time limited, he may so contract as to make his compen-
sation depend upon contingencies which his own efforts cannot con-
trol, even though such contingencies relate to acts of his principal.

STATUTE OF FRAUDS—CONSENT MANIFESTED BY ACCEPTANCE OF BENE-
FITS.—The rule that a voluntary acceptance of the benefits of a
transaction is equivalent to a consent to all the obligations arising
from it refers to contracts not required by statute to be in writing.

ID.—PAROL MODIFICATION OF WRITTEN CONTRACTS.—While written con-
tracts, which would have been lawful if unwritten, may be modified
subsequently by parol, this cannot be done where the law requires
the agreement to be in writing.

APPEAL from a judgment of the Superior Court of San
Bernardino County and from an order refusing a new trial.
Benjamin F. Bledsoe, Judge.

The facts are stated in the opinion of the court.

Waters & Goodcell, for Appellant.

Willis & Guthrie, for Respondents.

ALLEN, P. J.—The action was one by a firm of real estate
brokers to recover commissions on account of the sale of real
estate.   The facts connected with the transaction are these:
On May 10, 1910, defendant corporation, through its secre-
tary and treasurer, addressed a communication to plaintiffs by
which it appointed them agents to negotiate the sale of an
orange ranch comprising one hundred and eight acres, which
ranch included a number of separate tracts, upon some of
which were houses, and all of which were set out in oranges
in various stages of maturity; and under which communica-
tion plaintiffs were authorized to sell the ranch as an en-

tirety, or these separate tracts independently, at a certain fixed price as to each, upon terms specified. Thereafter, on November 11, 1910, defendant addressed another communication to plaintiffs in which it expressly revoked all authority covered by the previous one, and by this last communication made plaintiffs exclusive agents to sell the property as an entirety, or to sell independently a certain portion not herein involved. It was averred in the complaint that this last communication was thereafter modified, by which modification plaintiffs were empowered to sell also, independently, a certain eleven-acre tract; that pursuant thereto they did find a purchaser ready and willing to buy said eleven-acre tract at a price and upon terms agreeable to defendant, who sold the same, and this action is to recover commissions. The first count of the complaint demanded the five per cent stipulated in the written communication; and by the second cause of action it was sought to recover the reasonable value of such service, the same having been averred to be seven hundred and fifteen dollars. The answer raised an issue as to all of the material averments of the complaint. The trial court found all of the allegations of the complaint to be true and awarded judgment to plaintiffs for seven hundred and fifteen dollars and costs. A new trial was denied, and from the judgment and the order denying such new trial this appeal is prosecuted by defendant.

The rights of the parties upon this appeal rest upon the question of the sufficiency of the evidence to support the finding that the written agreement was modified in the particulars alleged in the complaint. It cannot be questioned that under the agreement of November 11th plaintiffs were not authorized to negotiate a sale of the eleven-acre tract independently, and that not having found a purchaser ready and willing to buy the ranch as an entirety, or that portion specified as subject to independent sale, no commission could be recovered on account of the sale alleged. (*Witte* v. *Taylor*, 110 Cal. 225, [42 Pac. 807]; *Cone* v. *Keil*, 18 Cal. App. 681, [124 Pac. 548].) The modification of the written contract under the code (Civ. Code, sec. 1698), could only arise through a written modification, or an executed oral agreement. It is not claimed that any written modification existed, but it is claimed by respondents that the facts and circumstances connected with the sale were such as to warrant the court in finding that an oral

modification was made and the same was executed.   We have searched the record in vain for any suggestion of an oral agreement specifically modifying the contract, except it be inferred from the act of defendant in selling the eleven-acre tract to a purchaser who had been procured by plaintiffs. Plaintiffs' evidence does not in the least tend to establish the fact that they were, when negotiating with the subsequent purchaser, acting upon the theory or in the belief that an oral modification existed.   The active partner of plaintiffs conceded that he was acting under what he regarded as authority given in the original communication, but that he had no basis therefor is clearly shown by the fact that the original agreement had been by express terms canceled.   Defendant possessed this right of revocation, there being no consideration for the agreement in the first instance.   The question, therefore, presented, relates to the effect which should be given the act of defendant in making a sale to a purchaser procured by plaintiffs.   Does that fact tend to show a previous valid oral agreement?   Considered by itself, the answer must be in the negative, otherwise subdivision 6 of section 1624 of the Civil Code is nullified.   It is true as a general proposition that the acceptance of the benefits of a transaction is equivalent to a consent to all of the obligations arising from it (Civ. Code, sec. 1589) ; but this rule has application only where the statute does not specify the character of the contract requisite to liability, and this section, like section 1698, evidently refers to contracts not required by the statute to be in writing.   Section 1698 obviously presupposes that the oral modification is one valid in itself.   Were it possible to make an oral modification of a contract which by the statute of frauds is required to be in writing and enforce such oral modification, the door would be open for the perpetration of such frauds as the statute seeks to prevent.   "If the contract is in writing, though not required to be, as where the subject matter is not within the statute of frauds, it may, of course, be changed by a new subsequent agreement not in writing." (*Brown* v. *Everhard*, 52 Wis. 205, [8 N. W. 725].)   "While written contracts, which would have been lawful if unwritten, may be modified by parol, subsequently, in many cases, yet this cannot be done where the law requires the agreement to be in writing." (*Abell* v. *Munson*, 18 Mich. 306, [100 Am. Dec.

167].)    While this rule has not met with universal approval, yet the great weight of authority, text-writers as well as decisions, may be said to be in its support.

Appellant contends that the finding of the court that the purchaser was procured by plaintiffs has no support from the evidence.    While the matter is not very clear, yet there is some evidence to be found in the record warranting the court in so finding, and under the familiar rule it will not be disturbed.

We are of opinion that there was no valid modification of the written agreement, that no evidence of such modification exists, and the judgment resting alone upon such modification is not supported.

The judgment and order are, therefore, reversed.

James, J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 14, 1913, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 14, 1913.