[Civ No. 1504.    Second Appellate District.—September 25, 1914.]

## W. K. FOGG, Appellant, v. JAMES McADAM, Respondent.

BROKERS—EXCHANGE OF LANDS—WITHDRAWAL OF WRITTEN AUTHORIZATION—SERVICES RENDERED UNDER ORAL REQUEST.—Where a broker's written authorization to negotiate an exchange of city property for a certain ranch is withdrawn, and he is orally requested to secure an exchange of a part of the ranch upon different terms, his subsequent rendition of services will not entitle him to commissions. When the written authorization was withdrawn the relations between the broker and his principal were as though the writing had never been executed; hence there was no written authority to modify, and the alleged oral contract was therefore an original agreement governed by the provisions of section 1624 of the Civil Code, which requires such contracts, in order to enable the broker to recover, to be in writing.

ID.—CONTRACT TO EXCHANGE LANDS—ORAL MODIFICATION.—Where a broker's contract is for the exchange of specific property, not a general authorization to sell, there can be no oral modification of the agreement.

ID.—ACTION FOR COMMISSIONS—NECESSITY OF ALLEGATION AS TO TITLE OF PROPERTY.—A complaint in an action by a real estate broker to recover his commissions for negotiating an agreement to exchange lands is insufficient, under the rule that pleadings are to be construed most strongly against the pleader, if it does not allege that

the property to be conveyed to his principal was free from encumbrance and that such fact was evidenced by a certificate of title, when the contract (never consummated) contemplates such a title and certificate.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

A. W. Sorenson, for Appellant.

J. H. Merriam, for Respondent.

SHAW, J.—Action to recover a broker's commission for negotiating an exchange of real estate.

The sole question involved is the ruling of the court in sustaining a general demurrer to the complaint. Upon the making of the order and plaintiff's declining to amend, judgment was entered for defendant, from which plaintiff prosecutes this appeal.

The complaint alleges that on May 11, 1911, defendant in writing authorized Merrill & Fogg, plaintiff's assignors, to negotiate an exchange of certain real estate then owned by him for certain ranch property, consisting of four hundred and eighty acres, owned by one W. E. Premo. The written authorization, as set forth in the complaint, is as follows:

"Pasadena, Calif., May 11, 1911.

"Mrss. MERRILL AND FOGG,

"Gentlemen: As per agreement to make you a definite offer on the Premo Ranch of 480 acres, will make the following offer: First, said Premo to take the property shown him on Colorado Street for $50,000 and I retain a portion of lot No. 2, in the rear and give him right of way across the rear of lot No. 1 so that he would have access to the rear of his buildings, also house and of lot on Morningside Ave., east of Huntington Drive, lot No. 15, Culver Subdivision, and assume the mortgage on his ranch for $10,000 and $8000,00 in cash within sixty days, and also $900 commission. This offer is made subject to again looking over the ranch within one week from the above date.

"(Signed)    JAMES MCADAM."

That thereupon Merrill & Fogg undertook the negotiation of an exchange and endeavored to induce said Premo to accept the offer and make the exchange of the properties described as proposed by defendant. Not only is there a failure to allege the acceptance of the offer on the part of Premo, but it is alleged that defendant, as he reserved the right to do, inspected the property of Premo within a week after the date of making the proposal and withdrew the same. Thereafter, as alleged in the complaint, defendant orally requested plaintiff's assignors to secure Premo's consent to an exchange of a part of the ranch (being the property described in the within authorization, less 80 acres) upon other and different terms and considerations than those specified in the withdrawn written proposal made by defendant. That pursuant to this request, plaintiff's assignors did bring defendant and Premo together and as a result of their efforts defendant and Premo entered into a written contract for the exchange of certain properties other than those described in the written authorization so withdrawn by defendant, and upon other and entirely different terms and conditions from those therein specified.

Clearly the written authorization cannot be deemed a basis for recovery for the reason: 1. That it is not alleged that Premo ever accepted defendant's offer; and 2. It is alleged that defendant upon looking the land over withdrew the offer, as he had a right to do. Under the written authorization the employment was not general, but, at most, contemplated the exchange of specific properties and upon certain specified terms. Conceding that plaintiff's assignors were instrumental in bringing about the execution of a contract between defendant and Premo for the exchange of their properties, such service was not rendered pursuant to any contract or memorandum in writing authorizing them to perform such service. (*Smith v. Post,* 167 Cal. 69, [138 Pac. 705].) Appellant insists that the oral request, under and in accordance with which the service was rendered, is sufficient when considered as a modification of the writing. When the written proposal was withdrawn the relations between defendant and plaintiff's assignors were precisely as though the writing had never been executed; hence there was no written authority to modify, and the alleged oral contract was therefore an original agreement governed by the provisions of section 1624

of the Civil Code, which requires such contracts, in order to enable the broker to recover, to be in writing. Moreover, where the contract, as here alleged, is for the exchange of specific property and not a general authorization to sell, there can be no oral modification. "Were it possible to make an oral modification of a contract which by the statute of frauds is required to be in writing and enforce such oral modification, the door would be open for the perpetration of such frauds as the statute seeks to prevent." (*Boyd* v. *Big Three Ranch Co.,* 22 Cal. App. 108, [133 Pac. 623].)

We think the complaint also defective in that the contract (never consummated) contemplated that Premo's property should be free of all encumbrance other than as therein stated, which fact was to be evidenced by a certificate of title delivered to defendant with deed. It is not alleged that the property was free from such encumbrance, neither is it alleged that Premo furnished such certificate of title; hence, since pleadings are to be construed most strongly against the pleader, defendant's alleged unwillingness to consummate the exchange may have been due to failure of Premo's title, or existing encumbrance upon the property. (*Connor* v. *Riggins,* 21 Cal. App. 756, [132 Pac. 849].) The alleged consent of defendant that Premo might rescind may have been due to the latter's inability to comply with the terms of the contract.

Judgment affirmed.

Conrey, P. J., and James, J., concurred.