[Civil No. 2109. Filed May 24, 1924.]

[226 Pac. 206.]

RALPH MURPHY, Executor of the Estate of W. J. MURPHY, Deceased, Appellant, v. W. T. SMITH, Appellee.

1. ACCOUNT STATED — ESSENTIAL ELEMENTS STATED.—No particular form is necessary for an account stated, it may be oral, written, partly oral and partly written, but it must be based upon previous transactions or transaction between the parties, and a debtor and creditor relation between them must have resulted therefrom, before a mutual accounting or striking a balance may be properly called an "account stated."

2. BROKERS—PRINCIPAL'S UNSIGNED STATEMENT OF ACCOUNT DOES NOT SUSTAIN ACTION ON ACCOUNT STATED, WHERE AGREEMENT ORIGINALLY WITHIN STATUTE OF F₁      ,.—A principal's unsigned statement of amounts paid and cₓ  .ses in connection with sale of lands, amount received, balance, and amount of broker's commission, does not sustain an action on account stated, where the original agreement was within the statute of frauds (Civ. Code 1913, par. 3272, subd. 7), since it amounted to no more than an oral representation.

3. FRAUDS, STATUTE OF—NO APPLICATION WHERE AGREEMENT COMPLETELY PERFORMED AS TO PART WITHIN STATUTE AND PAYMENT ONLY NOT MADE.—The provisions of the statute have no application where the agreement has been completely performed as to the part thereof coming within the statute, and the part remaining to be performed is merely payment, the promise to do which is not required to be in writing.

APPEAL from a judgment of the Superior Court of the County of Maricopa. F. H. Lyman, Judge. Reversed.

1. Definition and elements of account stated, see notes in 62 Am. Dec. 85; 136 Am. St. Rep. 37. See, also, 1 R. C. L. 208 et seq.

3. Oral contract employing real estate broker where statute requires writtten contract as affecting right to recover commissions, see notes in 13 Ann. Cas. 977; Ann. Cas. 1915A, 1133. See, also, 4 R. C. L. 249; 25 R. C. L. 705, 721.

See 1 C. J. 678, 682; 9 C. J. 560; 27 C. J. 351.

Messrs. Kibbey, Bennett, Gust & Smith, for Appellant.

Messrs. Baker & Whitney, for Appellee.

JONES, Superior Judge.—Defendant having died pending this appeal, Ralph Murphy was on motion substituted as executor. We will, however, refer to the parties as they appeared in the lower court.

This is an appeal from a judgment rendered by the lower court upon an alleged account stated, wherein W. T. Smith is plaintiff and appellee, and W. J. Murphy is defendant and appellant.

The complaint consists of a count upon an account stated, in words as follows:

May 24, 1919.

Total amount paid on account of Santa Fé
    land, including expenses connected
      therewith ...........................$238,295 18
Amount received ........................ 275,000 00

Balance ........................... 4)$ 36,706 82

25 per cent ...........................$ 9,176 20

The defendant's answer sets up that the alleged account stated was in fact for and on account of broker's commission and compensation in negotiating by plaintiff a sale of certain lands or real estate belonging to the defendant; that there was no agreement in writing authorizing or empowering said plaintiff to act as agent or broker for defendant in selling said real estate, or any memorandum thereof in writing signed by the defendant or by any person authorized by him to sign same.

The case was tried to the court without jury. The court's finding was:

"That prior to March 1, 1919, defendant, W. J. Murphy, by an oral agreement employed plaintiff,

W. T. Smith, to find a purchaser for certain lands upon which the said W. J. Murphy then had an option of purchase, agreeing to pay the said W. T. Smith for his services in securing a purchaser for said lands a sum equal to 25 per cent of the net profits realized on the sale of said lands; that said plaintiff, Smith, effected a sale of said lands in accordance with said oral agreement; that thereafter, upon demand made by plaintiff, Smith, upon defendant, Murphy, for compensation claimed to have been earned by said Smith under the terms of said oral agreement, the said defendant Murphy prepared and tendered to the plaintiff, Smith, an instrument in writing in words and figures following, to wit:

"May 24, 1919.

Total amount paid on account of Santa
 Fé land, including expenses con-
 nected therewith ................$238,295 18
Amount received .................... 275,000 00

Balance ......................... 4)$ 36,706 82

25 per cent .........................$   9,176 20"

From such finding of fact the court directed judgment in favor of plaintiff for the sum of $9,176.20, with interest and costs. The defendant appeals from such judgment, and while he makes six assignments of error the vital question is as to whether the statement of account made by defendant for plaintiff can be made the basis of a cause of action.

Our subdivision 7 of paragraph 3272 is, for the purposes of this case, identical with subdivision 6 of section 1624, California Civil Code. Subdivision 7, *supra*, reads as follows:

"(7) An agreement authorizing or employing an agent or broker to purchase or sell real estate, mines, or other property, for compensation or a commission" is not suable in the courts unless it is in writing or some memorandum thereof is made, and signed by the promisor or by someone thereunto authorized by him.

These provisions of the law concerning brokerage contracts for commissions and compensations in selling real property are additions to the English statute of frauds. The original English statute of frauds was entitled ''an act to prevent perjuries and frauds.'' This title fairly indicates the purpose of these statutes. It was thought that the parties should reduce to writing their agreement and not rely upon the uncertainties of their memories as to what the understanding and agreement was. This legislative policy has been recognized by the courts and the statute upheld. The California courts, passing upon subdivision 6 of their paragraph 1624, have held oral contracts employing brokers to sell or negotiate the sale of real estate to be invalid and unenforceable. 4 Cal. Jur. 556 et seq. In *Boyd* v. *Big Three Ranch Co.,* 22 Cal. App. 108, 133 Pac. 623, it was held that a written agreement to pay a broker commissions in selling land could not be modified by an oral agreement. The court said:

''Were it possible to make an oral modification of a contract which by the statute of frauds is required to be in writing and enforce such oral modification, the door would be open for the perpetration of such frauds as the statute seeks to prevent.''

See, also, *Fogg* v. *McAdam,* 25 Cal. App. 522, 144 Pac. 296; *Johnson* v. *Krier,* 59 Cal. App. 330, 210 Pac. 966.

The Supreme Court of Washington in the case of *White* v. *Panama Lumber & Shingle Company,* decided very recently, and cited in 129 Wash. 189, 224 Pac. 563, holds that in order to take an oral promise to pay a real estate agent compensation or commissions out of the statute of frauds, after the services have been rendered, it must be done by a writing signed by the party to be charged. This case cites and discusses several cases that are in point. Our own court has taken a very decided stand upon this

same question in *McMurran* v. *Duncan,* 17 Ariz. 552, 155 Pac. 306.

It cannot be doubted that the statement set out in the complaint as constituting a stated account, so far as form is concerned, is sufficient under the law. No particular form is necessary for an account stated. It may be oral or it may be written, or it may be partly oral and partly written. Note to *Jasper Trust Co.* v. *Lampkin,* 136 Am. St. Rep. 33. We think the rule is universal, or practically so, that the account must be based upon previous transactions, or a previous transaction, between the parties, and there must have existed the relation of creditor and debtor as a result thereof before a mutual accounting or striking a balance may be properly called an account stated.

The plaintiff claims there is one exception to this rule, and that is that the consideration for the account stated may be based upon moral obligations, and that where there was no legal obligation before there may be after the account is stated. In the instant case it is said that the services were rendered by the plaintiff and the defendant got the benefit of those services, and, while there was no legal liability upon the part of the defendant to pay for them because the agreement was not in writing, still there was a moral obligation, and, the defendant having made out and given to the plaintiff the memorandum of account, which is the basis of this action, a new obligation was created.

The cases cited to sustain this point do not go far enough. If Murphy in this case had entered into a written agreement to pay for the services after they were rendered then the cases cited would be in point. In *Muir* v. *Kane,* 55 Wash. 131, 19 Ann. Cas. 1180, 26 L. R. A. (N. S.) 519, 104 Pac. 153, the moral obligation to pay for the services already rendered was acknowledged in writing, and not in an unsigned

account stated, A case in principle exactly as the present one is *Anderson* v. *Best,* 176 Pa. 498, 35 Atl. 194.

We think the rule is very well stated in 13 C. J. 363, § 229. It will be noted in that text that it is stated that contracts unenforceable in the first instance because of some legal defect in their execution may on moral grounds be enforced if the subsequent promise is "in the form prescribed by statute to pay for services which have been rendered."

It is argued that because a debt barred by the statute of limitations or relieved under the Bankruptcy Act (Comp. Stats., §§ 9585–9656) is sufficient consideration to toll the statute the services under this unenforceable oral contract by analogy are sufficient consideration to take the matter out of the statute of frauds. We may concede that this is true. But the rule seems to be that "an open account barred by the statute of limitations cannot be relieved from the bar of the statute by an oral statement of the account, in jurisdictions where an acknowledgment or promise is required to be in writing to toll the statute." *O'Hanlon Co.* v. *Jess,* 58 Mont. 415, 14 A. L. R. 237, 193 Pac. 65. (The above quotation is from the note in 14 A. L. R. 247, and is annotated with the authorities.) We have paragraph 726, Civil Code 1913, that would require the acknowledgment of a barred account to be in writing to take it out of the statute of limitations.

If the courts have often passed upon this exact question, we have not been able to find the cases, but it seems to me that those few that have passed on it fairly indicate that the statute of frauds may not be evaded in this manner. All that the defendant did in giving this memorandum to the plaintiff was to state to him, "Yes, I agreed to give you one-fourth of the profits realized in the sale of these lands." He might just as well have said that by word of mouth;

it would have been just as binding orally. Besides, it may be very seriously questioned whether there were any "profits" in the sale of lands. The evidence is undisputed that defendant in order to effect the sale had to pay out something like $86,000 clearing titles to certain water rights, which have not been repaid him. If the whole $36,706.82, being the difference between the amount paid for the lands sold and the amount realized thereon, be credited to the defendant, he would still be out something like $50,000. But this last point, however, may be forgotten, the real question being as to whether the statute of frauds can be evaded in the manner sought in this case.

Plaintiff cites some English cases, such as *Curtis* v. *Flindall,* 3 U. C. Q. B., and *Cocking* v. *Ward,* 1 Eng. Rul. Cas. 433, 1. C. B. 858, 15 L. J. C. P. 245, 135 Eng. Reprint, 781. These cases were under a different subdivision of the statute of frauds than the one we are considering, and the right to recover in each one of those cases, as we read them, was based solely upon the fact that the transfer of the realty, or the interest therein, had been perfected and possession given, and there only remained the one thing to do—to pay the consideration.

We think the rule in this country is universal that "the provisions of the statute of frauds, or of uses and trusts, have no application where the agreement has been completely performed as to the part thereof which comes within the statute, and the part remaining to be performed is merely a payment of the money, the promise to do which is not required to be in writing." *Logan* v. *Brown,* 20 Okl. 334, 20 L. R. A. (N. S.) 298, 95 Pac. 441; *Merfeld* v. *Anderson,* 97 Okl. 208, 224 Pac. 161.

Under the issues involved in this case, the original agreement or promise to sell real estate being oral, and the agreement being unenforceable, a stated ac-

count cannot be made the basis of a cause of action, even after the services have been performed, unless there is some writing or written memorandum thereof, signed by the party to be charged therewith, or by some person by him thereunto lawfully authorized.

After a careful examination of the authorities, we are convinced that plaintiff should not recover in this action.

The judgment of the lower court is reversed, and cause remanded, with instructions to dismiss plaintiff's complaint.

McALISTER, C. J., and ROSS, J., concur.

NOTE.—Judge LYMAN being disqualified, the Honorable J. E. JONES, Judge of the Superior Court of Coconino County, was called to sit in his stead.