[Civil No. 2439. Filed January 7, 1926.]

[241 Pac. 957.]

HENRY T. WELDON and OTHO R. HILL, a Co-
partnership Doing Business Under the Firm
Name and Style of WELDON & HILL, Appel-
lants, v. DR. J. M. GREER, Appellee.

1. BROKERS—REAL ESTATE BROKER CANNOT MAINTAIN ACTION FOR COM-
MISSIONS, IN ABSENCE OF AGREEMENT OR MEMORANDUM IN WRIT-
ING.—Under Civil Code of 1913, paragraph 3272, subdivision 7,
real estate brokers cannot maintain action for commissions, in
absence of agreement or memorandum in writing.

2. BROKERS—LETTER LISTING PROPERTY FOR EXCHANGE FOR CERTAIN
OTHER PROPERTY NOT EVIDENCE OF CONTRACT FOR EXCHANGE FOR
PROPERTY OTHER THAN THAT MENTIONED IN LETTER.—Where
owner of property had written to real estate brokers, listing
certain property for cash or for exchange for certain other
property, such letter could not be admitted as evidence of contract
for commissions, where property was exchanged for property
other than that mentioned in letter.

3. BROKERS—CONTRACT LISTING PROPERTY FOR EXCHANGE FOR CERTAIN °
OTHER PROPERTY COULD NOT BE ORALLY MODIFIED.—Contract con-
tained in letter to real estate brokers, listing property for sale
or exchange for certain other property, was limited to specific
property described therein, and could not be later modified by oral
agreement to include property other than that specified.

4. BROKERS—LETTER LISTING PROPERTY FOR EXCHANGE HELD LIMITED
TO PROPERTY SPECIFICALLY DESCRIBED.—Written authority to
brokers to sell or exchange property for certain other specified
property does not entitle them to commissions on exchange for
property not so specified.

See (1) 9 C. J., p. 558, n. 9; p. 559, n. 12.   (2) 9 C. J., p. 560,
n. 22; p. 640, n. 72.   (3) 9 C. J., p. 559, n. 13; 27 C. J., p. 327,
n. 47.   (4) 9 C. J., p. 587, n. 5.

1. Necessity that agent's authority to purchase or sell real estate
be in writing to enable him to recover compensation for his services,
see notes in 44 L. R. A. 601; 9 L. R. A. (N. S.) 933. See, also, 4
R. C. L. 301.

APPEAL from an order of the Superior Court of the County of Maricopa. Joseph S. Jenckes, Judge. Order affirmed.

Mr. Harold Baxter and Mr. Allan C. Elder, for Appellants.

Messrs. Silverthorn & Van Spanckeren, for Appellee.

ROSS, J.—On December 5, 1925, Weldon & Hill, licensed real estate brokers of the city of Phoenix, at the instance and request of Dr. J. M. Greer, secured a written contract from Irving De R. Miller, by the terms of which Miller agreed to sell to Greer the former's residence situate at the corner of Ninth and McDowell Streets, said city, for the consideration of $10,000, to be paid $7,000 cash and the balance by a conveyance to Miller by Greer of lot 15, block 46, Capitol Addition (hereafter referred to as the West Washington Street property), valued at $4,500, subject to a mortgage of $1,500, which was to be assumed by Miller. The deal was consummated upon the terms stated. Plaintiffs collected from Miller a five per cent commission on the $10,000 received by him for his property; and thereafter, the defendant refusing to pay them a commission of five per cent on the $4,500 exchange value of his property, brought this suit to compel him to pay them such commission.

The case was tried before a jury, and resulted in a verdict in favor of plaintiffs for the full amount of their claim, to wit, five per cent of $4,500 or $225. The defendant moved for a new trial and assigned as one of the grounds therefor error in the admission of evidence, and upon this ground the motion was granted, so the appeal comes to us from the order granting a new trial.

There is no question of bad faith on the part of plaintiffs in thus endeavoring to collect commissions from Greer after collecting commissions from Miller. No secret double employment is involved. The complaint alleges an express contract to pay plaintiff five per cent of the sale price of defendant's premises, and the question is not so much whether such a contract was made but whether if made it was in writing as required by our statute of frauds (subdivision 7, par. 3272, Civ. Code 1913). It may be conceded that such a contract was actually entered into and thereafter performed; still, if the agreement or some memorandum thereof was not in writing, the brokers would not be entitled to bring or maintain an action to recover commissions however honestly they may have been earned.

The plaintiffs undertook to prove their commission contract by a letter from Dr. Greer to them, written on November 24, 1924, concerning another piece of property. The letter follows:

"Mesa, Arizona. November Twenty-four, Nineteen Twenty-four.
"Messrs. Weldon & Hill, Phoenix, Arizona.—
"Attention Mr. McNeely.
"Dear Mr. McNeely: As it is impossible for me to come to Phoenix to-day or in fact probably not until Friday of the week, I am sending to you my offer on the Tom Campbell property by Mrs. Greer. I will exchange my equity in my West Washington property and give a check for six thousand five hundred dollars cash ($6,500.00) in exchange for the Tom Campbell property. On the West Washington property everything is paid up to date and it is subject to a $1,500 mortgage which is to be assumed by Mr. Campbell. It is understood that the Campbell property is clear of everything but future street assessments.

"It is further understood by me that you are entitled to commission on the sale of the West Wash-

ington property although it has never been listed with you or any one. I am attaching to this offer my check for five hundred dollars ($500.00) to bind the bargain. It is understood that this check, made out to Messrs. Weldon & Hill is not to be used except in the acceptance of the above offer.

> "Yours very truly,
> "[Signed]   J. M. GREER."

The court admitted this letter as evidence of an agreement by defendant Greer to pay commissions on an exchange of his West Washington Street property for the Miller premises, upon the ground that it was ambiguous and open to explanation by oral testimony. However, on the motion for new trial the learned trial judge stated that, upon mature reflection, he was satisfied the paragraph in letter referring to commissions applied to the exchange for the Campbell property, and could not be construed as a general listing for sale as contended for by plaintiffs. This ruling of the court presents the sole question, and its answer requires a construction of Dr. Greer's letter.

The Campbell deal did not materialize, and neither did plaintiffs sell defendant's Washington Street property for cash. Dr. Greer explained in his testimony that the provision as to commission was inserted in letter mainly because he understood Campbell would insist upon all cash, in which event it was intended that plaintiffs should sell the Washington Street property to anyone willing to buy to raise cash to apply on purchase price of the Campbell premises. As thus explained, it was in effect a general listing of such property for sale for cash and a special listing for trade on the Campbell premises. And doubtless plaintiffs would have been entitled to their commission under such contract if they had sold the property for cash at any time before such authority was revoked, even though the Campbell trade had

fallen through. Upon a sale for cash the letter would have been competent evidence of the contract to pay commissions, but that is not what happened. The proposition is reduced to this: Where brokers are employed to exchange real estate for specific real estate, or to sell it for cash, may they prove performance of their agreement by showing that they have realized for the owner his asking price in a trade for an entirely different piece of property? More concretely: According. to such letter plaintiffs were clearly to be paid a commission if they effected the exchange suggested in letter or sold the Washington Street property for cash. They did neither. They did something not called for or contemplated at the time the letter was written. They traded the Washington Street property in on the Miller premises—an entirely different transaction than the one referred to in the letter. They did not accomplish what Dr. Greer in his letter promised to pay them for. While what they did was for the defendant, it was not mentioned in the letter and was not in the contemplation of the parties at the time the letter was written. The letter therefore was not evidence of the contract alleged in the complaint, and should not have been admitted to prove it. If the Campbell deal had gone through and defendant had refused to pay commissions in a suit against him for such commissions, or if the Washington Street property had been sold for cash, the letter would have been absolute evidence of the right to recover, because both would have been within the terms of the contract of employment..

Had the complaint set forth that plaintiffs had rendered services under an oral modification of the contract as set out in letter, whereby defendant had agreed to pay them a commission in case they succeeded in trading his Washington Street property in

on the Miller premises (and that is really the contract they seek to prove), still they would have no right under the law to recover under such modified contract. The contract in letter, so far as exchanging property was concerned, was limited to the specific Campbell property, and could not be orally modified. *Fogg* v. *McAdam*, 25 Cal. App. 522, 144 Pac. 296. In this case is quoted from *Boyd* v. *Big Tree Ranch Co.*, 22 Cal. App. 108, 133 Pac. 623, the following:

"Were it possible to make an oral modification of a contract which by the statute of frauds is required to be in writing and enforce such oral modification, the door would be open for the perpetration of such frauds as the statute seeks to prevent."

We conclude that if there was a general listing by defendant of his Washington Street property with plaintiffs any sale thereof, in order to entitle plaintiffs to a commission, must have been for cash; that the authority to negotiate an exchange of such property was specifically limited to the Campbell property, and that plaintiffs had no written authority to exchange such property for the Miller property; and that for such services they may not recover because of the inhibitions of the statute of frauds. *Holland* v. *Flash*, 20 Cal. App. 686, 130 Pac. 32.

The order of the court granting the motion for a new trial is affirmed and the cause remanded, with directions that further proceedings be had in accordance with this opinion.

McALISTER, C. J., and LOCKWOOD, J., concur.