Herka Realty Co., Inc., Respondent, *v.* La Salle Military Academy, Appellant.

First Department, June 23, 1930.

*John J. Fitzgerald* of counsel [*Louis Kunen* with him on the brief; *Fitzgerald, Stapleton & ·Mahon*, attorneys], for the appellant.

*J. W. Friedman* of counsel [*F. D. Kaplan* with him on the brief; *I. Gainsburg*, attorney], for the respondent.

PER CURIAM. The plaintiff's evidence was insufficient to sustain the verdict upon the theory upon which, without objection from the plaintiff, the main charge proceeded. This was to the effect that it was incumbent upon the plaintiff to establish not only that it had brought the parties together, but that through its efforts the sale was consummated. The plaintiff's evidence was merely to the effect that it had disclosed to the defendant the name of a proposed purchaser and that this disclosure was made upon the defendant's promise that if the sale was made to such purchaser, the plaintiff would be paid its commission. Subsequent to such disclosure the plaintiff's efforts were confined largely to an attempt to induce the defendant to furnish it with a survey and this being refused the plaintiff's efforts practically ceased.

While it is true that the trial justice in response to a request of defendant's counsel charged in substance that plaintiff might recover if its initiation for the bringing in of the customer had lead to the consummation of the agreement, such charge was but a fragmentary part of the instructions given. That the jury were undoubtedly left in a state of confusion is well illustrated by questions propounded by one of them. In the circumstances we are clearly of opinion that the case was submitted upon a charge entirely inadequate within the purview of our decision in *Trulock* v. *Kings County Iron Foundry, Inc.* (216 App. Div. 439).

We are of opinion that there was presented a question of fact as to the authority of the defendant's agent with whom the plaintiff's representative negotiated. The stipulation entered on the record was but the minimum of his authority.

The plaintiff's evidence was to the effect that its representatives were told that the property could be bought for something over a million dollars, the exact price to be determined upon a survey fixing the acreage; that their purchaser was willing to meet these terms and pay over $1,000,000 and await a definite answer as to acreage; that the defendant's agent was so informed. It is true that the stipulation fixed the price at which the defendant's agent was authorized to sell at $1,250,000 cash. But before plaintiff was

permitted to bring forward its customei for the purpose of effecting a meeting of the minds as to a final price and other details, the defendant's agent sought a disclosure of the name of the plaintiff's customer and secured it upon the promise that if the property was later sold to the customer, the plaintiff would be paid its commissions. Then, according to plaintiff's evidence, defendant's agent refused to supply the survey by which the exact acreage could be ascertained, refused further negotiations and later sold the property to plaintiff's customer at the exact price fixed in the stipulation.

Moreover, defendant's officer who was authorized by resolution of the defendant's board of trustees to sell, and who later actually executed the contract in defendant's behalf, testified that if the defendant's agent had in fact engaged a broker and such broker had made a sale, the defendant would have paid him commissions. This evidence, together with other facts tending to show that the defendant's authorized representatives at all times referred inquiries to the defendant's agent and that the sale of the property was in such agent's hands until its sale was finally effected, leads us to the conclusion that the plaintiff clearly established *prima facie* the authority of the defendant's agent to make a contract on its behalf.

It follows that the judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Present — FINCH, MERRELL, MARTIN, O'MALLEY and SHERMAN, JJ.

Judgment and order reversed and a new trial ordered, with costs to the appellant to abide the event.