WILLIAM F. SCOTT, Respondent, *v.* HAROLD R. LISTER, Appellant.

First Department, November 7, 1930.

*Jeremiah T. Mahoney* of counsel [*Edward D. Newman* and *Marvin Wallach* of counsel; *Henry Fluegelman,* attorney], for the appellant.

*Lewis F. Glaser,* for the respondent.

O'MALLEY, J. The facts essential to our decision may be briefly stated. Plaintiff's claim is predicated upon defendant's breach of a contract for the purchase of personal property. It consisted of the assets of a New York corporation which carried on the business of furnishing by mail home study courses on factory management. The defendant, who was located in Chicago, owned and controlled the Blackstone Institute, Inc., which conducted a correspondence school in the study of law.

The property at the date of the execution of the contract was located in New York city. It consisted of text books, bound and unbound, and in sheets or folders; lectures, talks and problems in pamphlet form and other papers or pamphlets. It was situated in part in plaintiff's place of business on Nassau street, in a vault outside of such place of business, and in a printer's establishment. The price was $25,000, more or less, the exact amount to be determined after an inventory made in New York, in which the defendant was to participate.

The evidence was ample to sustain a breach on the part of the defendant. The jury were justified in finding that after the inventory was practically completed he refused without justification to carry out his obligations.

Plaintiff's first cause of action was for the price upon the theory that title had not passed, and predicated upon subdivision 3 of section 144 of the Personal Property Law (added by Laws of 1911, chap. 571, known as the Sales of Goods Act, as amd. by Laws of 1925, chap. 560). The second cause was based upon subdivision 1 of section 144 of the Personal Property Law (as added by Laws of 1911, chap. 571) and upon the theory that title had passed.

On the trial the plaintiff elected to rely upon his first cause of action. To this end he offered to establish essential elements, namely, that the goods could not readily be resold for a reasonable price, that delivery was refused and that notice that they were held by the plaintiff as bailee for the buyer's account had been given. He was prevented from establishing it, however, by an erroneous exclusion of evidence, whereby the plaintiff offered to show notice to the defendant through his agent who had been sent to New York to take inventory. It was clearly for the jury to say whether, at the time notice was claimed by the plaintiff to have been given, such agent was acting within the scope of his employment.

The plaintiff then moved to conform his pleadings to the proof. His claim was that the record as it then stood was sufficient to show an appropriation of the goods to the contract, so as to bring the case within the provisions of rule 4 of section 100 of the Personal

Property Law (as added by Laws of 1911, chap. 571) and thus justify an action for the price under subdivision 1 of section 144. This motion was granted.

For reasons hereafter to be stated, we have reached the conclusion that the interests of justice require a new trial. As to the applicability of the various sections of the Personal Property Law referred to and other questions here raised, such matters must be left for the disposition of the trial justice to be decided by him in the light of the then existing conditions of the pleadings and of the proof.

It is clear that when both parties rested at the close of the case the plaintiff had elected to claim title had passed upon the theory that there had been an appropriation of the goods to the contract. The main charge failed adequately to present the precise issue to the jury or to advise them of the theory upon which the plaintiff was then proceeding. It stated merely that if the plaintiff completed the inventory with the defendant's representative and had offered the property, such constituted a sufficient delivery and if in the course of such inventory and before it was completed, the defendant repudiated the agreement, the plaintiff could recover.

At the request of the defendant's counsel the court then charged that, before the plaintiff could recover he must have established " that the property in the goods has not passed; that they cannot readily be sold for a reasonable price; that the plaintiff has offered to deliver the goods to the defendant; that the defendant refused to receive them; and that the plaintiff has notified the defendant that the goods are thereafter held by him as bailee for the defendant."

Again, at the request of the defendant's counsel, the court charged that if the jury should find that the plaintiff had not proven " that he notified the defendant that he held the goods as bailee for the defendant, the jury must render a verdict for the defendant." A similar request by defendant's counsel to the effect that the verdict must be for the defendant unless the plaintiff had established that the property could not be sold for a reasonable price, was granted. A further request by defendant's counsel that it was necessary for the plaintiff to establish that the defendant had accepted title and possession, was granted, and also that it was necessary for the plaintiff to prove that he had made full and complete delivery and that title had passed.

These requests were charged without objection on behalf of plaintiff's counsel, who later procured the court to charge as follows: " I ask your Honor to charge the jury that if the jury finds that the plaintiff set aside all the articles, namely, the property

under the first part of the contracts and on behalf of the defendant that said goods, articles and property were thus ascertained and set apart for the use of the defendant and his representatives, for the use of the defendant, and for the purposes of the agreement, that the plaintiff may then recover the purchase price under the first cause of action," to which defendant's counsel excepted.

It is quite obvious that as presented to the jury the case was left in hopeless confusion, both as to the theories on which the parties were proceeding, and on the principles of law applicable. As already appears, the plaintiff's counsel had been prevented from establishing his first cause of action by the exclusion of evidence offered to establish notice. His amendment to conform to the proof and proceed on a new theory had been granted. The charge, therefore, made at the request of the defendant's counsel that the plaintiff could not recover unless he had established the elements necessary to make out a case under subdivision 3 of section 144 of the Personal Property Law was wholly unwarranted for the reason that this theory had been abandoned and was already out of the case. So, too, there was no evidence whatever that the defendant had accepted title and possession, or that an actual delivery had been made. While it is true that the charge made at plaintiff's request conformed to his theory of the complaint as amended upon the trial, the fact remains that the case was sent to the jury upon wholly inconsistent theories. In *Herka Realty Co., Inc.*, v. *LaSalle Military Academy* (229 App. Div. 668) we had occasion to grant a new trial where the charge was inadequate because it failed to inform the jury in any respect. In the present case we are constrained to grant a new trial because the charge is both inadequate and misinforming.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

DOWLING, P. J., MERRELL, MARTIN and SHERMAN, JJ., concur.

Judgment and order reversed and a new trial ordered, with costs to the appellant to abide the event.