JAMES J. MULDOON, Doing Business as MULDOON REALTY COMPANY, Respondent, v. RALPH SILVESTRE et al., Defendants, and SEYMOUR REED et al., Appellants.— In this action by a real estate broker, the complaint contains two causes of action. The first is against the sellers for commissions. The second is purportedly against the sellers and the purchasers for conspiracy to deprive plaintiff of his commissions. The purchasers moved to dismiss the complaint against them for insufficiency. This appeal is from the order denying that motion. Order of the City Court of Mount Vernon reversed, with $10 costs and disbursements, and motion to dismiss the complaint as against appellants granted, with $10 costs, with leave to plaintiff to serve an amended complaint within ten days from the entry of the order hereon. Plaintiff does not state a cause of action against the sellers for commissions. An allegation that plaintiff's employee "showed the house" to the purchasers and "endeavored to negotiate a sale" and that thereafter a sale was consummated, is not an allegation that plaintiff was the procuring cause of the sale. (*Popper* v. *Korn,* 218 App. Div. 513.) Where a broker has no cause of action against the seller for commissions, he has no cause of action against the purchaser for conspiring with the seller to deprive him of commissions because he has lost nothing as a result of the alleged conspiracy. (*Simon* v. *Noma Elec. Corp.,* 293 N. Y. 171, 177.) Plaintiff does not allege that he lost his cause of action against the sellers for commissions as the result of the conspiracy, as in *Keviczky* v. *Lorber* (290 N. Y. 297). Assuming that plaintiff does have a cause of action against the sellers for commissions on the theory that his employment was merely to induce ultimate purchasers to negotiate for the purchase of the property rather than to be the actual procuring cause of the sale, there is nevertheless no cause of action stated against the purchasers for conspiracy because it does not plead facts sufficient to constitute a conspiracy to violate plaintiff's rights or to establish that he was damaged. (*Shapiro* v. *Greenwich Sav. Bank,* 266 App. Div. 359, affd. 293 N. Y. 724; *Simon* v. *Noma Elec. Corp., supra; Schulman* v. *Royal Ind.*

*Bank,* 280 App. Div. 401; *Kalmanson* v. *Callahan,* 276 App. Div. 983.) In any event, there are no facts pleaded to show the basis for the conclusory allegation of conspiracy. Nolan, P.J., Adel, Schmidt, Beldock and Murphy, JJ., concur.