JOHN F. TRIHY et al., as Copartners Doing Business as TRIHY CONSTRUCTION & REALTY Co., Plaintiffs, *v.* HARRY R. BELSHA et al., Defendants.

District Court of Suffolk County, November 30, 1966.

*Walter Adikes* for plaintiffs. *Van Nostrand & Marten* for defendants.

ERNEST L. SIGNORELLI, J. The plaintiffs, doing business as Trihy Construction & Realty Co., are real estate brokers, and bring this action to recover real estate commissions as against the sellers, Harry R. Belsha and Marian E. Belsha, which they claim are due and owing after having procured the purchasers, Gino Costa and Filomena Costa who, presumably, were ready, willing and able to purchase the sellers' house, and did in fact close title thereon.

The sellers have impleaded the purchasers, and in their third-party complaint are seeking to recover as against the purchasers for any sum the broker may recover in this action. The sellers base their right to recover on the usual clause which is inserted in most real estate contracts, namely: "The parties agree that no broker brought about this sale."

It is admitted that the sellers listed the house in question with the broker for sale, on certain terms and conditions. It is further undisputed that the broker had shown the purchasers several houses in the community. There is a conflict in the testimony as to whether the broker had shown this particular house to the purchasers.

The broker testified that the purchasers had been driven to the sellers' home, and while parked outside, the details concerning the house and the physical layout of the house, as well as the price, were related to the purchasers who then stated that the price was beyond their price range, and declined to enter the house. The purchasers, however, deny this and stated that although the broker showed the purchasers other houses on the same street, that this particular house was not discussed, nor did the broker attempt to show the purchasers the sellers' home. In passing the home, however, the purchaser did notice the sign which had been put up by the sellers advertising it for sale. A day or two later, the purchasers called the sellers for an appointment to see the house. At that particular meeting, the purchasers inquired of the sellers as to whether or not the sellers "were tied up" with the broker. The sellers then stated that they were not, explaining that they had not given an "exclusive" to the broker.

Assuming, *arguendo,* that the broker's version of this incident is correct and believable in every aspect, would this then give the broker the right to recover in this case? The question to be resolved in this case, when put in its most succinct form, is as follows:

Does a broker have a cause of action for commissions when he merely shows the premises to a purchaser, and does nothing more to consummate the sale?

Prior to definitively answering this question, it would be well to examine the legal status of a broker, and the function which he commonly serves in the real estate market. A broker is a "go-between" whose primary function is to bring the buyer and seller to an agreement. He is entitled to compensation when a sale has been effected through his labors as the procuring cause. It is well known in the trade, that brokers often put forth a great effort and go to considerable expense, only to find that their efforts have not borne fruit. (*Sibbald* v. *Bethlehem Iron Co.*, 83 N. Y. 378.) A broker knowingly handles these matters at great risk to himself, knowing full well that his efforts may go unrewarded. This is particularly the case when the broker is not granted an exclusive agency.

It follows, therefore, that a broker may not recover for an unsuccessful effort, even though through this effort, and under later and more advantageous circumstances, a sale may eventuate between the seller and the broker's purchaser. (See *Wylie* v. *Marine Nat. Bank*, 61 N. Y. 416.)

In the absence of a special contract, the broker must be the procuring cause of a sale in order to be entitled to recover thereon. (See 6 N. Y. Jur., Brokers, § 108.) This is not to say, however, that a broker who has fulfilled his obligations, i.e., brought the minds of the parties together, in that he has procured a buyer ready, willing and able to purchase on the seller's terms and conditions, is to be denied his rightful commissions because the transaction is not consummated due to the fault and/or bad faith of the seller.

The plaintiff broker in this case, essentially relies upon *Lloyd* v. *Matthews* (51 N. Y. 124), and the case of *Sibbald* v. *Bethlehem Iron Co.*, which is hereinabove cited. On the question of what constitutes "procuring cause", in both of those cases, the testimony reflected that the broker did a great deal more, and involved himself to a considerable extent in the negotiations which ensued. Those cases are, therefore, distinguishable from the case at bar. To maintain an action for commissions, a broker must, by a preponderance of the evidence, show that the seller and purchaser were brought to an agreement through his efforts, and it is, therefore, not enough that he merely introduced the purchaser to the seller. (*McEvoy* v. *Athens Hotel Co.*, 121 Misc. 683; *Herka Realty Co.* v. *La Salle Military Academy*, 229 App. Div. 668.) In *Levy* v. *Hayman* (8 A D 2d 854) the court stated as follows: "When a broker opens negotiations between parties but, failing to bring the customer to the terms as specified by the owner, abandons them and when the owner subse-

quently sells to the same person, the owner is not liable to the broker for commissions.''

In *Muldoon* v. *Silvestre* (283 App. Div. 886) the court held that an allegation that the plaintiff real estate broker '' showed the house '' to the purchasers, and '' endeavored to negotiate a sale '', and that thereafter a sale was consummated, is not an allegation that the plaintiff was the procuring cause of the sale, and thereupon dismissed the complaint.

The foregoing precedents impel a finding by this court that the plaintiff broker has not established a cause of action for commissions, and accordingly, the defendants are entitled to judgment dismissing the plaintiffs' complaint.