■ LEONARD BLAUNER, Respondent, v. LEON A. KATZ et al., Appellants, et al., Defendants.

*Per Curiam.* It is clear both from the complaint and from plaintiff's testimony that his brokerage commission was contingent on his obtaining a purchaser ready, willing and able to purchase either the property constituting the country club or, what was deemed the equivalent of the property — all of the stock of the corporation owning the club. The second cause of action alleged an agreement "that if a sale was effectuated by the plaintiff of the real and personal property of defendants in this cause of action, the said defendants in this cause of action would pay the stipulated commission to the plaintiff, and in the event a disposition of all said property was effectuated through the efforts of the plaintiff to a purchaser through the means of selling the stock of the corporation owning the said property or otherwise, defendants in this cause of action would pay the same commissions to the plaintiff".

Defendants Katz and Schanen owned the entire stock in equal shares and, on plaintiff's version of the facts, he was told by Katz, with the assent of defendant Schanen, " get us the buyer whether it is a stock deal or whether it is a property deal please don't bother your head about it * * * we want you to sell the stock — we want you to sell the club. Now, whether you sell it by way of assets or the real property, giving a deed or stock, you sell it so you earned your commission." Plaintiff found a purchaser of Katz's stockholding but produced none ready, willing and able to buy Schanen's. The transaction between Schanen and defendant Sarafoglu relied on as constituting a sale of the former's stock was at most the grant of an option to Sarafoglu, which he was unable to and did not exercise. Accordingly, the verdict against Katz is not only against the weight of the credible · evidence but plaintiff's right to commission failed of proof, entailing dismissal of the second cause of action (*Carpenter* v. *Atlas Improvement Co.*, 123 App. Div. 706; *Globerman* v. *Lederer*, 281 App. Div. 39, 42).

The third cause of action alleges a conspiracy by Katz, Sarafoglu and others to deprive plaintiff of his commission. Without considering its vulnerability as to Katz on the ground that it charges him with conspiring to breach his own contract (see *North Shore Bottling* v. *Schmidt & Sons*, 22 N Y 2d 171, 179; *Day* v. *Dworman*, 18 A D 2d 989, 990), this cause of action necessarily falls with the dismissal of the second cause, for the reason that plaintiff, since he has shown no right to any commission, " has lost nothing as a result of the alleged conspiracy " (*Muldoon* v. *Silvestre*, 283 App. Div. 886).

It is to be noted also that plaintiff offered no acceptable proof of the value of the corporate property, although asserting that his commission was to be calculated on the basis of its value, and that there appears to be no rational foundation in the evidence for the amounts the jury awarded. We think too that defendants were entitled to have the issue of plaintiff's alleged breach of fiduciary duty submitted to the jury. As the foregoing discussion indicates, a new trial would be required if the complaint were not being dismissed.

Accordingly, judgment against defendants Leon A. Katz and Tassos Sarafoglu, entered on May 31, 1968, pursuant to verdicts on the second and third causes of action, should be reversed, on the law, and the complaint dismissed as to each of said defendants, with costs and disbursements.

Botein, P. J., Steuer, Capozzoli, McGivern and Macken, JJ., concur.

Judgment unanimously reversed, on the law, and the complaint dismissed as to each defendant-appellant, with $50 costs and disbursements to defendants-appellants.